```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FERNANDEZ,                             :
                                               :
                        Plaintiff,             :
                                               :
              -against-                        :
                                               :
NEW ENGLAND MOTOR FREIGHT, INC. and             :
OTTO DANIEL,                                    :
                                               :
                        Defendants.            :
------------------------------------------------------------X
NEW ENGLAND MOTOR FREIGHT, INC. and             :
OTTO DANIEL,                                    :
                                               :
                  Third-Party Plaintiffs,       :
                                               :
              -against-                        :
                                               :
NEW YORK CITY TRANSIT AUTHORITY and             :
ALSTOM TRANSPORTATION, INC.,                    :
                                               :
                  Third-Party Defendants.       :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2015

OPINION & ORDER

12-CV-6536 (VEC)

VALERIE CAPRONI, United States District Judge:

Plaintiff William Fernandez sued New England Motor Freight, Inc. ("NEMF") and Otto Daniel alleging that they are liable for injuries he suffered unloading freight from a truck owned by NEMF and operated by Daniel. Compl. ¶¶ 6-13, Dkt. 1. The truck was delivering freight to Plaintiff's employer, Third-Party Defendant Alstom Transportation, Inc. ("Alstom"), at a rail yard owned by Third-Party Defendant New York City Transit Authority ("NYCTA"). Third-Party Compl. ¶¶ 5, 11, Dkt. 20. NEMF and Daniel (collectively, "Third-Party Plaintiffs") filed third-party complaints against Alstom and NYCTA for common-law indemnification and contribution. Dkt. 20. NYCTA moved for summary judgment, arguing that it cannot be liable for indemnification or contribution because it owed no duty to Plaintiff or to Third-Party

1

Plaintiffs.  Dkt. 75.  For the following reasons, NYCTA's motion for summary judgment is GRANTED.

## BACKGROUND

Alstom repairs trains for NYCTA.  NYCTA 56.1 Stmt. ¶¶ 26, 29.  William Fernandez was employed by Alstom as a "material handler," a job that included coordinating inbound or outbound shipments delivered to or from Alstom's work sites.  NYCTA 56.1 Stmt. ¶¶ 1, 2.

The accident in question occurred at the NYCTA Flushing, NY rail yard, a location at which Alstom does work for NYCTA.  NYCTA 56.1 Stmt. ¶¶ 1, 10; Third-Party Plaintiffs' Resp. to 56.1 Stmt. ¶ 29.  At the time of the accident, Plaintiff was helping to unload two subway car brake resistors when they fell off the truck's lift gate and hit Plaintiff in the head.  Third-Party Plaintiffs' Resp. to 56.1 Stmt. ¶ 1.  Plaintiff's normal practice when offloading heavy pallets (the brake resistors weighed approximately 1000 pounds) was to request a forklift from NYCTA; he did not follow that practice on this occasion.  NYCTA 56.1 Stmt. ¶¶ 7-9, 14.

Plaintiff sued NEMF and Daniel in state court.  Third-Party Plaintiffs removed the action on the basis of diversity jurisdiction, Dkt. 1, and impleaded Alstom and NYCTA asserting claims for indemnification and contribution, Dkt. 20.  Third-Party Plaintiffs and Alstom stipulated to a dismissal of all claims against Alstom, Dkt. 68, leaving NYCTA as the sole remaining Third-Party Defendant.  Third-Party Plaintiffs' theory is that NYCTA owed a duty of care to them and Plaintiff and that NYCTA's carelessness was the proximate cause of Plaintiff's injury.  Third-Party Plaintiffs also claim that NYCTA owed contractual duties to NEMF.  NYCTA has moved for summary judgment.  Dkt. 75.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks omitted)). Courts "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009) (quoting *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008)).

### I. Common-Law Indemnification Claim

Third-Party Plaintiffs allege that because NYCTA negligently failed to provide Plaintiff with a forklift to unload the NEMF truck, they are entitled to indemnification from NYCTA. Third-Party Plaintiffs also argue that they are entitled to indemnification from NYCTA because NYCTA had a duty to provide Plaintiff with a "safe environment." Third-Party Compl. ¶¶ 13-15.

#### A. Indemnification Based on Negligence

Third-Party Plaintiffs have failed to establish that NYCTA owed Plaintiff or Third-Party Plaintiffs any applicable duty. Under New York law, whether a duty exists is a question of law decided by the Court. *Pulka v. Edelman*, 40 N.Y.2d 781, 782 (1976); *see also id.* ("In the absence of duty, there is no breach and without a breach there is no liability."). A claim for negligence "must demonstrate the existence of a duty, the breach of which may be considered the

proximate cause of the damages suffered by the injured party." *Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp. 2d 326, 333 (S.D.N.Y. 2006) (quoting *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (1978)). "To establish the existence of a duty under New York law, '[t]he injured party must show that a defendant owed not merely a general duty to society but a specific duty to the particular claimant.'" *Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*, 769 F. Supp. 2d 322, 328 (S.D.N.Y. 2011) (quoting *In re Sept. 11 Litig.*, 280 F. Supp. 2d 279, 290 (S.D.N.Y. 2003)).

NEMF argues that, under New York law, NYCTA, as the owner of the rail yard, owed Plaintiff a duty to provide a safe environment and to "safely and properly coordinate and/or conduct the offloading of freight at its rail yard." Third-Party Compl. ¶ 13; NEMF Mem. at 1-2. It is true that New York law imposes a duty "upon an owner or general contractor to provide construction site workers with a safe place to work," *Dos Santos*, 433 F. Supp. 2d at 333 (quoting *Cun–En Lin v. Holy Family Monuments*, 18 A.D.3d 800, 801 (2d Dep't 2005)), but an "implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury,'" *Comes v. N.Y. State Elec. & Gas Corp.*, 82 N.Y.2d 876, 877 (1993) (quoting *Russin v. Picciano & Son*, 54 N.Y.2d 311, 317 (1981)).

Here, there is no evidence that Plaintiff was ever under the supervision of NYCTA or that the dangerous condition arose from the actions of NYCTA rather than from Plaintiff's decision to unload extraordinarily heavy equipment without a forklift. Alstom ordered the equipment that NEMF delivered to the rail yard; Alstom was designated as the receiver of the parts destined for the rail yard; and Plaintiff was listed as the recipient on the Bill of Lading ("BOL"). *See* Rubenstein Decl. Ex. O, Dkt. 79-1. Although NYCTA did provide forklifts upon request when

Alstom employees needed them to unload trucks at the rail yard, Third-Party Plaintiffs have adduced no evidence that NYCTA exercised, or had the authority to exercise, supervisory control over Plaintiff or the unloading of shipments to Alstom. "[W]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law . . . ." *Mitchell v. NRG Energy, Inc.*, 125 A.D.3d 1542, 1544 (4th Dep't 2015) (quoting *Comes*, 82 N.Y.2d at 877). Because Third-Party Plaintiffs have presented no evidence of supervisory control, they have failed to demonstrate that NYCTA owed Plaintiff any duty.[1]

The absence of control is fatal to Third-Party Plaintiffs' claim for common-law indemnification. Common-law indemnification "permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party." *Bellefleur v. Newark Beth Israel Med. Ctr.*, 66 A.D.3d 807, 808 (2d Dep't 2009) (citing *Curreri v. Heritage Prop. Inv. Trust, Inc.*, 48 A.D.3d 505, 507 (2d Dep't 2008)). In a suit for negligence, a third-party plaintiff can establish a claim for common-law indemnification by "prov[ing] not only that they were not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury." *Benedetto v. Carrera Realty Corp.*, 32 A.D.3d 874, 875 (2d Dep't 2006); *see McCarthy v. Turner Const., Inc.*, 17 N.Y.3d 369, 376 (2011). In this case, summary judgment is appropriate because Third-Party Plaintiffs have failed to raise a triable issue of fact that NYCTA had the authority to direct, supervise or

---

[1] Although NYCTA did require Plaintiff and other vendors who were on site to receive certain safety training and wear safety gear, NYCTA Resp. to Third-Party Plaintiffs' 56.1 Stmt. ¶¶ 53-54, such requirements are simply insufficient to constitute supervisory control, *see*, *e.g.*, *McCarthy v. Turner Const., Inc.*, 17 N.Y.3d 369, 378 (2011) ("[A] party's (e.g., a general contractor's) authority to supervise the work and implement safety procedures is not alone a sufficient basis for requiring common-law indemnification. Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision.") (citations omitted).

control the work that resulted in Plaintiff's injury. *See Lopez-Oviedo v. Marvin,* No. 08-CV-1909 (JS) (ARL), 2012 WL 4483038, at *4 (E.D.N.Y. Sept. 27, 2012) (granting third-party defendant's motion for summary judgment on indemnification claim because "there [was] no evidence from which a jury could reasonably conclude that [third-party defendant] actually supervised Plaintiff's work.").

But even if there were evidence that NYCTA exercised some level of supervisory control over Plaintiff, there is no question of fact whether NYCTA was negligent. It is undisputed that the normal practice was for Alstom employees to request a forklift from NYCTA when Alstom received deliveries that weighed more than 300 pounds. Third-Party Plaintiffs' Resp. to 56.1 Stmt. ¶¶ 5-8. It is also undisputed that, on the day he was injured, Plaintiff did not request a forklift from NYCTA before attempting to unload the freight. Third-Party Plaintiffs' Resp. to 56.1 Stmt. ¶ 14. Even assuming that NYCTA's past practice of providing a forklift on request may have created a duty on NYCTA's behalf to provide forklifts when asked, there is no question of fact whether the duty was breached because it is undisputed that no request was made. *Cf. Klussman v. A.T. Reynolds & Sons, Inc.*, 78 A.D.3d 579, 580-81 (1st Dep't 2010) (holding that Plaintiff's technique in unloading water jugs as opposed to a failure to provide him with adequate equipment proximately caused his accident). *See also Comes*, 82 N.Y.2d at 878 (property owner not negligent when "proper equipment was present on the site. . . [and] defendant's inspector had no reason to believe that [plaintiff's] employer would require him to carry [a] steel beam unassisted.").

In short, there is simply no evidence in the record from which a trier of fact could conclude that NYCTA owed a duty to Plaintiff that was breached.

### B. Indemnification Based on Contractual Obligation

Third-Party Plaintiffs also argue that NYCTA owed a contractual duty to Third-Party Plaintiffs independent of any duty of care owed to Plaintiff. Although courts have held that "the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor,'" *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997) (quoting *Mas v. Two Bridges Assocs.*, 75 N.Y.2d 680, 690 (1990)), there is no genuine question of fact that NYCTA did not owe a duty (whether arising out of contract or common-law principles) to Third-Party Plaintiffs.

The BOL associated with the freight at issue clearly establishes that Alstom Transportation, Inc. was the sole consignee of the delivery. *See* Rubenstein Decl. Ex. O. Third-Party Plaintiffs argue that the language "Consigned to: Alstom Transportation-NYCT" on the BOL creates a question of fact whether NYCTA was a second consignee, and that, based on that language on the BOL, a jury could conclude that NYCTA owed contractual or common-law duties to Third-Party Plaintiffs. Third-Party Plaintiffs' Mem. at 2, 4.

"The proper interpretation of a bill of lading is a question of law, which requires courts to apply the general standards applicable to contract disputes." *GSI Grp., Inc. v. Zim Integrated Shipping Servs., Ltd.*, 562 F. Supp. 2d 503, 507 (S.D.N.Y. 2008) (citations omitted). "[B]ills of lading are contracts of adhesion and, as such, are strictly construed against the carrier." *Id.* at 506 (quoting *Allied Chem. Int'l Corp. v. Companhia de Navegacao Lloyd Brasileiro*, 775 F.2d 476, 482 (2d Cir. 1985) (alteration in original)). Under New York law, contract interpretation is a question of law for the court if the meaning of the contract is unambiguous. *LaSalle Bank Nat'l Assoc. v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005) (citations omitted). Whether the contract is unambiguous is a question of law. *Nowak v. Ironworkers*

*Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996) (citation omitted). Ambiguity is determined in the context of the entire agreement in light of "the customs, practices, usages and terminology as generally understood in the particular trade or business." *Id.* (citation omitted).

The BOL unambiguously establishes that the equipment at issue was being shipped from one Alstom location to the Alstom location at the Flushing rail yard and that Alstom was the sole consignee. The BOL originated "from" "Alstom Transportation, Inc.;" "Alstom Transportation, Inc." was the party to whom to "bill freight charges;" the shipment was sent to the attention of an Alstom employee (Plaintiff); and the invoice was prepaid. *See* Rubenstein Decl. Ex. O. Although the field "Consigned to" listed "Alstom Transportation-NYCT," the only reasonable reading of that entry in context is that "NYCT" describes the Alstom delivery location – not an otherwise unmentioned second consignee. No factfinder could conclude that the notation "NYCT" as it appears on the BOL means the New York City Transit Authority was a consignee of the delivery.

## II.     Claim for Contribution

In addition to their claim for indemnification, Third-Party Plaintiffs claim a right to contribution from NYCTA, in the event Third-Party Plaintiffs are found liable to Plaintiff. "The source of a right of contribution under state law must be an obligation imposed by state law." *Perkins Eastman Architects,* 769 F. Supp. 2d at 326 (quoting *LNC Invs., Inc. v. First Fid. Bank*, 935 F. Supp. 1333, 1349 (S.D.N.Y. 1996)). Under New York law, "two or more persons who are subject to liability for damages for the same personal injury . . . may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401.

The "critical requirement for a contribution claim under New York law is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Perkins Eastman Architects*, 769 F. Supp. 2d at 327 (quoting *Fashion Shop LLC v. Virtual Sales Grp. Corp.*, 525 F. Supp. 2d 436, 446 (S.D.N.Y. 2007). "[A] third-party defendant may be liable for contribution where it breaches a duty to either (a) the third-party plaintiff seeking contribution or (b) the first-party plaintiff seeking redress for the underlying tort." *Id.* at 327 (citing *Narine v. Dave West Indian Prods. Corp.*, No. 07-CV-657 (ERK) (MDG), 2007 WL 3353484, at *2 (E.D.N.Y. Nov. 7, 2007)).

Third-Party Plaintiffs' claim for contribution fails because, as discussed above, as a matter of law, they cannot establish any duty flowing from NYCTA to Plaintiff or to Third-Party Plaintiffs. Accordingly, NYCTA is entitled to summary judgment on Third-Party Plaintiffs' claim for contribution.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant NYCTA's Motion for Summary Judgment is GRANTED. The Clerk of Court is requested to terminate Docket Entry 75 and dismiss Third-Party Defendant New York City Transit Authority from this action.

**SO ORDERED.**

Date: July 1, 2015             **VALERIE CAPRONI**
New York, NY            **United States District Judge**